Louis Katz, Defendant in Error, v. W. A. Miller, Plaintiff in Error.

NEGOTIABLE INSTRUMENTS—*extent of liability of endorser.* An assignor of a negotiable instrument is liable for the face of the note with interest and all damages that may be occasioned by the assignee in prosecuting the makers to insolvency; and the amount of the assignee's recovery, as against the assignor, is the judgment, with accrued interest, and the cost of reducing that note to judgment.

Assumpsit. Error to the Circuit Court of Coles county; the Hon. M. W. THOMPSON, Judge, presiding. Heard in this court at the November term, 1908. Affirmed. Opinion filed March 30, 1910.

R. M. PEADRO, for plaintiff in error.

HENLEY & HUGHES, for defendant in error.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by Louis Katz, endorsee, against W. A. Miller as endorser of a promissory note.

The cause was tried by the court below without a jury upon a stipulation of facts made and entered into between parties by their counsel. Judgment was rendered against plaintiff in error for $246.45. To reverse that judgment this writ of error is prosecuted.

The note was one commonly known as a judgment note, and a judgment was first taken against all the makers by confession. After judgment was so taken, the judgment was opened and one of the alleged makers, Alex Sanders, permitted to set up the defense of forgery.

There is no dispute of the liability of plaintiff in error for the amount of the note together with interest due thereon. The only contention is concerning the amount of costs made in prosecuting the makers of the note for collection thereof, plaintiff in error contending that he is not liable for costs made in attempting to recover judgment against original makers and having execution returned *nulla bona.*

In the stipulation filed it is agreed that the costs made in the prosecution of that action were occasioned by reason of Alex Sanders, one of the parties whose name was alleged to be signed to the note, making a defense of forgery as to his signature, in which defense he was successful and a judgment was rendered against the defendant in error for the amount of the costs of that prosecution.

Plaintiff in error having assigned the note to defendant in error as a negotiable instrument, became liable to the defendant in error as an endorser thereon and by this assignment he thereby guaranteed the genuineness of this note and the signatures of the makers thereto. In order to render an endorser liable, it was necessary for the assignee, defendant in error, to collect the note, if possible, or to prosecute the makers to insolvency or assume the burden of showing all makers insolvent, and it was in endeavoring to do this that the costs were made for which he has become liable and for which he is endeavoring to recover in his action.

The fact that the note was a judgment note and a confession was originally taken upon the note against all the makers whose names appeared thereto, and that the judgment was afterwards opened, and one of the alleged makers, Alex Sanders, succeeded in establishing

a defense as to forgery of his name, did not render the status of defendant in error any different. Had Sanders, in the first instance, been sued upon the note and pleaded *non assumpsit* verified, it would still have been necessary for defendant in error to have prosecuted him to obtain judgment, if possible.

The defendant in error having had a judgment rendered against him in his attempt to recover as assignee against one of the alleged makers of the note, the plaintiff in error is liable for such judgment for costs. The law required the endorsee to prosecute that action in order to fix and determine the liability of the endorser.

It was the duty of defendant in error to collect the note from Sanders, one of the makers, if possible, and plaintiff in error, the endorser, having put defendant in error, the endorsee, in that position, he cannot complain of the endorsee performing his legal duty. That judgment for costs became an item of damages for which plaintiff in error as endorser is liable.

An assignor of a negotiable instrument is liable for the face of the note with interest and all damages that may be occasioned by the assignee in prosecuting the makers to insolvency; and the amount of his recovery is, as against the assignor, the judgment with accrued interest and the cost of reducing that note to judgment. Corgan v. Frew, 39 Ill. 31-39.

No question is raised concerning notice to the endorser.

There being no error in this record the judgment of the lower court is affirmed.

*Affirmed.*